UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIS J. GRADY,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

Case No. 12-cv-13349

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS** (docket no. 22 ), **ADOPTING REPORT
AND RECOMMENDATION** (docket no. 19 ), **DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT** (docket no. 12), **AND GRANTING
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>** (docket no. 17 )

Plaintiff Doris Grady filed her complaint seeking review of the final decision of the

Commissioner of Social Security ("Commissioner"), that denied her claim for a period of

disability and disability insurance benefits. The matter was referred to a United States

magistrate judge for the issuance of a report and recommendation. Plaintiff and the

Commissioner both filed motions for summary judgment. The magistrate judge now

recommends granting the Commissioner's motion, denying Plaintiff's motion and affirming

the decision of the administrative law judge ("ALJ"). Plaintiff filed 12 paragraphs of

objections to this recommendation, but her objections are deficient. Obj., ECF No. 22. With

the exception of paragraphs 2, 10, and 12, her objections fail to cite the report, the record,

or any legal authority to support her position, and the citations that do appear are vague.

She fails to provide any legal analysis to support her objections and instead begins each

objection by stating "[t]he Plaintiff objects, for the reasons previously set forth in her Briefs

in support of her Motion for Summary Judgment and against Defendant's Motion for the same . . . " *Id.*

Civil Rule 72(b) governs the Court's review of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). The Rule requires a district judge who refers a dispositive motion to conduct a de novo review of the parties' "specific written objections to the proposed findings and recommendations." *Id.* Additionally, Local Rule 72.1(d)(1) provides that "[o]bjections under Fed. R. Civ. P. 72 must: (A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. L.R. 72.1(d)(1). Plaintiff does not state the basis for her objections and essentially asks the Court to review her entire motion for summary judgment de novo without explaining her disagreement with the magistrate judge's findings or conclusions. "[T]he district court need not provide de novo review where the objections are '[f]rivolous, conclusive or general.' The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Plaintiff's objections do not warrant de novo review. Nevertheless, the Court has reviewed the record in this case and finds that the magistrate judge's analysis and conclusions are proper and that even under de novo review Plaintiff's objections should be overruled.

The Court reviews the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). The "Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v.*

*Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)) (internal quotation marks omitted). The Court's review of the Commissioner's factual findings is limited to examination of the record and must consider the record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). The Court may not reverse the Commissioner's decision because it would have resolved the case differently. *McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006). The substantial evidence standard "presupposes that there is a zone of choice within which decisionmakers can go either way, without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (internal quotation and citations omitted). When the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir.1989).

Plaintiff's objections dispute the ALJ's weighing of the evidence and credibility determinations, and the magistrate judge's failure to find error in the ALJ's assessment. The only objection Plaintiff makes regarding the magistrate judge's review is that the Report failed to address "the fact that the ALJ acknowledged that the Plaintiff had a need to elevate her legs throughout the workday, but then arbitrarily, and without any medical support whatsoever, determined that a six inch stool would be adequate." Obj. at 3. The likely reason the magistrate judge did not address this argument is that Plaintiff's summary judgment motion made no attempt to explain the relevance of the fact. Her objections also fail to make any connection with this fact and with the Court's substantial evidence review. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible

3

argument in the most skeletal way, leaving the court to . . . put flesh on its bones."

*McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997) (internal quotation and citation omitted).

Plaintiff's remaining objections repeat the arguments raised in her motion for summary judgment, but Plaintiff fails to point to facts in the record or to any legal authority demonstrating that the ALJ either failed to apply the correct legal standard or made findings of fact that were unsupported by substantial evidence. Accordingly, Plaintiff's objections will be overruled.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Plaintiff's objections (docket no. 22) are **OVERRULED** and the magistrate judge's report and recommendation (docket no. 19) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (docket no. 17) is **DENIED** and the Commissioner's motion for summary judgment (docket no. 12) is **GRANTED** .

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 30, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager